# MANGAN GINSBERG LLP

80 Maiden Lane, Suite 304
New York, New York 10038

———

Phone: (212) 248-2170
Fax: (212) 248-2155
MPM@Mangan-Ginsberg.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/08/2020

**VIA ECF**

June 4, 2020

Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   *Charlestown Capital Advisors LLC v. Acero Junction Inc., et al.*
         18 CV 4437 (JGK) (BM)

Dear Judge Moses:

Defendants JSM International Limited ("JSM"), Acero Junction Inc. ("Junction") and Acero Junction Holdings Inc. ("Holdings") submit this letter pursuant to Your Honor's Individual Practices and pursuant to Local Civil Rule 37.2, to request a pre-motion conference for a Rule 37 (a) motion to (1) compel plaintiff Charlestown Capital Advisors LLC ("Charlestown") to produce John Weber, Raj Maheshwari and Lee Smith for additional depositions related to the February 20, 2020 privilege log disclosure, (2) permit defendants to subpoena non-party witness Kenneth Grossman for a deposition, and (3) for attorney's fees and expenses associated with the motion and depositions. Charlestown withheld approximately 415 pages of relevant documents on the basis of attorney-client privilege by misrepresenting that Weber, Smith and Grossman served as its legal counsel when none of them were licensed to practice law. On February 14, 2020, approximately two months after the conclusion of discovery, Your Honor found Charlestown had no reasonable basis to assert privilege and ordered Charlestown to produce the documents. I have met and conferred with counsel for Charlestown by telephone on March 4, April 24 and April 27, 2020, requesting Charlestown's consent to an application to allow for additional depositions related to the documents that had been withheld, and counsel stated on several occasions that Charlestown would respond to this request but Charlestown has neither objected nor responded.

Charlestown submitted its original privilege log on October 4, 2019, which was defective for multiple reasons, including its failure to follow the requirements under Local Civ. R. 26.2(a)(2)(A)[1] that it identify the authors of documents for which it claimed privilege and an

---

[1] Local Civil Rule 26.2 (a)(2)(A) states: "(2) The following information shall be provided in the objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of such information would cause disclosure of the allegedly privileged information: (A) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other."

1

explanation of the relationships between the author and recipients to demonstrate an indicium of privilege. Defendants objected to the October 4 Privilege Log on November 21 and specifically objected that neither Kenneth Grossman nor Ted Hirschfield appeared to be attorneys, according to searches conducted on the Internet. JSM's objections were raised in a discovery conference in Court before Your Honor on November 26, 2019.

At Your Honor's direction, Charlestown revised its privilege log on December 10, 2019, asserting that Weber, Smith, Grossman and Hirshfield were attorneys and their communications were protected as privileged. Your Honor subsequently found, as set forth in the February 14, Decision and Order, that Weber, Grossman and Smith,[2] had not been licensed attorneys at any time relevant in this action, that it was unreasonable for Charlestown to believe they were attorneys, and that neither Charlestown nor its counsel, Arnold & Porter, had made any inquiry into the status of Grossman and Smith as attorneys until January 2020. Charlestown asserted in the December 10, 2019 privilege log that Grossman and Smith were "Attorney[s] consulted by Charlestown for legal advice" and that Hishfield was "outside counsel for Charlestown."

On January 14, 2020, Charlestown submitted its third privilege log after JSM objected to the December 10 log due to continued deficiencies, including challenges to the status of Grossman and Hirshfield as attorneys. In January 14 email from Charlestown's counsel to JSM with the attached revised privilege log, counsel wrote:

> "Following our meet and confer this afternoon, and in response to your objection that emails involving Kenneth Grossman and/or Ted Hirshfield of Steppingstone Group, LLC, are subject to attorney-client privilege, we conferred with our client and hereby confirm that Mr. Grossman is an attorney; that he occasionally provided legal advice to Charlestown between 2016 and 2018, including about matters involving Acero; and that he was sometimes assisted by Mr. Hirshfield."

In its January 14, 2020 Privilege Log, Charlestown asserted that Grossman was an "Attorney consulted by Charlestown for legal advice", and that Weber and Smith were "Attorney[s] and Charlestown employee[s]." In a January 15, 2020 joint letter to the Court, drafted and submitted by counsel for Charlestown, Charlestown again represented that Grossman was an "attorney."

On January 24, 2020, counsel for Charlestown informed defendants in an email, for the first time, that Lee Smith

> "has been admitted to practice law in New York state. We understand that he does not currently have an active bar license."

No further information was provided until Charlestown submitted a letter to the Court on January 28, 2020, informing the Court, and defendants, that Weber had registered as a "retired" attorney in 2015, and that Grossman did not have an active license. Charlestown made no mention of Smith's status as an attorney in the January 28 letter, and would continue to obfuscate the facts

---

[2] Before JSM sought to compel the production of documents withheld by Charlestown on the basis of privilege afforded by Weber, Smith and Grossman on January 14, 2020, counsel for Charlestown admitted that Ted Hirschfield was not an attorney.

until providing a letter to the Court on February 6, 2020, admitting that in January Charlestown (or perhaps Arnold & Porter) learned that Smith had not had a license to practice since 1999 and that Grossman had registered as "retired" several years before the events in this lawsuit.

      Charlestown and Arnold & Porter admit they took no steps prior to January 14, 2020, to determine whether Lee Smith, Kenneth Grossman or Ted Hirshfield were licensed to practice law at any relevant time. John Weber, however, knew that he himself was registered as "retired" when he was questioned during his deposition about being a lawyer, and throughout these proceedings, but deliberately failed to inform defendants of this fact. This means that Charlestown's multiple representations of the status of these individuals as attorneys were made without any reasonable diligence, or were, in Weber's case, deliberately false. Charlestown and Arnold & Porter were obligated to know whether they had a good faith basis to assert privilege on behalf of these individuals before making the assertions in the privilege log and elsewhere. After January 14, 2020, when Charlestown and Arnold & Porter knew that Grossman was not admitted to practice law, and must have known that Weber and Smith had not been licensed, they said they said nothing and continued to misrepresent that Weber, Smith and Grossman provided Charlestown legal advice as attorneys.

      It goes without saying that Charlestown and Arnold & Porter had access to Weber, Smith, Grossman and Hirshfield, but instead misrepresented to defendants and the Court on multiple occasions, either with knowledge of their false statements, or without a good faith basis, that these individuals rendered legal advice to Charlestown. Their purpose was to conceal from defendants various engagement agreement drafts.

      Charlestown withheld this discoverable information in bad faith, and continued to argue the validity of its privilege assertions in papers before Your Honor, supported by John Weber's unreasonable and self-serving affidavit that contradicted his sworn deposition testimony, even after it acknowledged that none of the "lawyers" were actually admitted to practice. On February 20, 2020, Charlestown disclosed 415 pages of additional material pursuant to Your Honor's February 14 order. Within the 415 pages were twenty (20) versions of engagement agreements written between Charlestown and Junction, which were generated by John Weber, and reviewed by Raj Maheshwari and Lee Smith.

      The concealed draft engagement agreements are material to the claims and defenses in this breach of contract action because Charlestown asserts that the terms of the agreement at issue in this case, the January 11, 2018 Engagement Agreement, were negotiated with defendants several months before January 11. Defendants were not given an opportunity during discovery to obtain these relevant materials, nor able to inquire into facts provided by the communications.

      Defendants seek to re-open the depositions of Charlestown principal Raj Maheshwari and employee John Weber, for the limited purpose of questioning them about 415 February 20 documents, and to hold depositions of Lee Smith and Kenneth Grossman.

                                  Respectfully submitted,

                                  /s/
                            Michael P. Mangan (MM-5773)

Cc: Samuel N. Lonergan (*via ECF*)
Susan S. Hu
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019
*Attorneys for plaintiff Charlestown Capital Advisors, LLC*

Michael Roberts (via ECF)
Graydon Head & Ritchey LLP.
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Attorneys for defendants Acero Junction LLC
and Acero Junction Holdings LLC*

---

No conference is required. Defendants' motion is GRANTED IN PART. Defendants may reopen the deposition of Maheshwari, Weber, *or* Smith (defendants' option) for a maximum of two hours of additional questioning arising from the documents previously withheld as privileged. Reopening all three depositions is not warranted by the needs of the case or by anything in defendants' letter (most of which is devoted to rehashing their arguments in support of their last discovery motion, which was resolved on February 14, 2020). Moreover, once the previously withheld documents were produced, defendants waited more than three months (including more than one month after the last meet and confer) before bringing the instant motion. As to Grossman, defendants have made no showing linking the the newly disclosed documents to any material testimony he could supply. For these reasons, no fees will be awarded. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

The reopened deposition shall take place on or before **June 30, 2020**, on a date and at a time reasonably convenient to counsel and the witness. The deposition shall be conducted remotely and may be recorded by any reliable audio or audiovisual means. *See* Fed. R. Civ. P. 30(b)(3) and (b)(4). This order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that (unless the parties stipulate otherwise) the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g*., teleconference or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
June 8, 2020